UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

RUDY GOMEZ,

Defendant.

**MEMORANDUM & ORDER**
**18-CR-214 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Defendant Rudy Gomez's third *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Third Mot. for Reduction ("Mot.") (Dkt. 128).) For the reasons set forth below, Gomez's motion is DENIED.

## I. BACKGROUND

The court assumes familiarity with the relevant facts of this case as set forth in its May 17, 2023 Memorandum & Order denying Gomez's first motion for a reduction in sentence and its May 21, 2024 Memorandum & Order denying Gomez's second motion for a reduction in sentence. (*See* Mem. & Order dated 5/17/2023 ("First M&O") (Dkt. 115); Mem. & Order dated 5/21/2024 ("Second M&O") (Dkt. 122).)

On February 26, 2025, Gomez moved for a third time seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mot.) For the most part, Gomez's third motion raises the exact same issues from his prior motions, although he elaborates on two previously raised issues and raises one novel issue. First, Gomez raises two previously unidentified medical conditions from which he allegedly suffers. (*Id.* at 10-11.) Second, he contends that the Bureau of Prison's "[inability] to control the flow of illicit drugs entering [prison] institutions" contributes to harsh

conditions. (*Id.* at 12-13.) Last, Gomez asserts that he is subject to a "disparity" in sentencing because his codefendant, Sergio Gomez Diaz, "has not been sentenced and [] is free on bond." (*Id.* at 13.)

On April 8, 2025, the Government filed its reply to Gomez's third motion. (*See* Gov't Response in Opp. ("Opp.") (Dkt. 129).) The Government maintains its arguments from its oppositions to Gomez's earlier motions and denies that "any new arguments . . . amount to 'extraordinary and compelling reasons' warranting a sentence reduction." (*Id.* at 3.) Gomez submitted his reply on April 21, 2025. (*See* Reply (Dkt. 130).)

## II. LEGAL STANDARD

"'A court may not modify a term of imprisonment once it has been imposed except pursuant to statute.'" *United States v. Alvarez*, No. 89-CR-0229 (JS), 2020 WL 4904586, at *1 (E.D.N.Y. Aug. 20, 2020) (quoting *United States v. Rabuffo*, No. 16-CR-0148 (ADS), 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020)).[1] An incarcerated defendant may file a compassionate release motion to request a sentence modification due to "extraordinary and compelling" circumstances after exhausting all other administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Thus, a defendant may move for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* A "defendant's failure to exhaust administrative remedies is a threshold matter preventing the Court from considering a Section 3582 application." *Alvarez*, 2020 WL 4904586, at *2; *See also United States v.*

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

*Napout*, No. 15-CR-252 (PKC), 2020 WL 1872455, at *1 (E.D.N.Y. Apr. 14, 2020).

Where exhaustion is satisfied, a court may grant such a motion only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In reviewing compassionate release motions[2], district courts are free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them," and are afforded broad discretion in interpreting the Sentencing Guideline § 1B1.13 and its application notes. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). The only statutory limit placed on what qualifies as extraordinary and compelling is that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see Brooker*, 976 F.3d at 237-38.

Finally, where a defendant is *pro se*, the court must construe his pleadings and briefs liberally, and interpret them to "raise the strongest arguments [that] they suggest." *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Gomez exhausted his administrative remedies by filing a request for reduction in sentence with the Bureau of Prisons ("BOP"), which the BOP denied on January 23, 2025. (*See* Mot. Ex. 2 at ECF 29-35.) Accordingly, the court may evaluate the merits of his motion. 18 U.S.C. § 3582(c)(1)(A).

[2] Although courts generally refer to motions under this statute as compassionate release motions, the statute speaks in terms of sentence reduction rather than release. *See* 18 U.S.C. § 3582(c)(1)(A). This court uses "sentence reduction" and "compassionate release" interchangeably to refer to Gomez's motion.

### B. Extraordinary and Compelling Reasons

Gomez contends that three factors, taken together, establish the extraordinary and compelling circumstances necessary to warrant a sentence reduction. First, he argues once again that his medical conditions, including two previously unraised conditions, contribute to a finding that his sentence should be reduced. (Mot. at 8-11.) Second, he maintains that unusually harsh prison conditions, arising from lockdowns due to COVID-19 as well as the influx of illegal narcotics into the prison system, warrant a reduction in his sentence. (*Id.* at 11-13.) Finally, he contends that a difference in the imprisonment status of himself and his codefendant constitutes a disparity in sentencing warranting a reduction in his sentence. (*Id.* at 13.)

#### 1. Medical Conditions

Gomez argues that his various medical conditions and lack of medical care necessitates a reduction in sentence. Gomez's third motion raises some of the same medical conditions mentioned in his earlier motions, specifically, asthma and hypertension. (*Id.* at 9-10.) This court previously found that Gomez's "asthma is managed and treated with an inhaler; [and] his hypertension is actively treated with medication and monitored through blood pressure checks." (Second M&O at 5.) Consequently, this court found that these conditions did not contribute to a finding warranting a sentence reduction. (*Id.*) The court sees no compelling reason to reconsider that conclusion here.

Now, Gomez raises two additional medical conditions which he contends constitute extraordinary and compelling reasons warranting a reduction in his sentence: anxiety disorder and lower back issues. (Mot. at 10-11.) The court concludes that these newly raised conditions and the care he receives for them do not warrant a sentence reduction.

First, Gomez does not demonstrate how his experience with anxiety constitutes an extraordinary and compelling circumstance that necessitates release. Though Gomez asserts that he suffers from anxiety disorder and broadly describes the symptoms of anxiety disorder, he does not elaborate on how this disorder has impacted him in prison and how that potential impact warrants a sentence reduction. (*See* Mot. at 10.)

Further, anxiety disorder does not generally rise to the level of an extraordinary and compelling circumstance, as medical issues must be "extremely serious, if not life-threatening," to meet this high bar. *United States v. Fragoso*, No. 18-CR-179 (JMA), 2021 WL 5205633, at *3 (E.D.N.Y. Nov. 9, 2021) (quoting *United States v. Gileno*, 448 F. Supp. 3d 183, 187 (D. Conn. 2020)). Accordingly, courts in this Circuit have declined to release defendants afflicted by anxiety, even when the defendant faces additional medical issues similar to those affecting Gomez. *See id.* at *2 (denying motion for compassionate release where defendant suffered from "(i) a spinal cord surgery . . . ; (ii) a shoulder surgery . . . ; (iii) hypertension; (iv) high cholesterol; (v) elevated triglycerides; and (vi) anxiety"); *United States v. Bueno*, No. 19-CR-835 (PKC), 2024 WL 2160431, at *2 (S.D.N.Y. May 14, 2024) (denying reduction in sentence where defendant, among other things, had depression and anxiety and was the "sole caregiver" and "sole provider" for sick family members); *United States v. Davis*, No. 16-CR-339 (RMB), 2024 WL 836477, at *2 (S.D.N.Y. Feb. 27, 2024) (denying reduction in sentence where defendant suffered from "relatively mild and infrequent asthma and anxiety, both of which [were] treated with medication as needed"); *United States v. Hough*, No. 19-CR-873 (LGS), 2022 WL 16555310, at *1, 4 (S.D.N.Y. Oct. 31, 2022) (denying motion for compassionate release where defendant suffered from "medical conditions, including high cholesterol, high blood pressure, and pre-diabetes, . . . psychological conditions including

depression and anxiety, . . . [and] harsh conditions of pre-trial confinement during COVID-19").

Moreover, the out-of-circuit cases cited by Gomez do not support a finding that he is entitled to a sentence reduction. These cases involve circumstances beyond anxiety that are simply not present in Gomez's case, including insufficient medical care. *See United States v. Siclovan*, No. 16-CR-00256 (AN), 2024 WL 3372927, at *5 (D. Or. July 11, 2024) (finding extraordinary and compelling circumstances when prison failed to treat petitioner's Tourette's Syndrome, Obsessive Compulsive Disorder, and Bipolar Disorder); *United States v. Archer*, No. 93-CR-259 (JCM), 2024 WL 1484025, at *2 (D. Nev. Apr. 5, 2024) (finding extraordinary and compelling circumstances where petitioner was "at least 65 [years old]. . . served approximately 85 percent of his term of imprisonment, and . . . suffer[ed] from hypertension, chronic obstructive pulmonary disease, shoulder pain, obesity, a urinary system disorder, prostatic hypertrophy, neuropathy, and anxiety," for which he received insufficient care); *United States v. Morales*, No. 16-CR-241 (KJM), 2024 WL 967658, at *5 (E.D. Cal. Mar. 6, 2024) (noting petitioner's "risk of COVID-19 infection together with her complex of health issues and her experience of sexual assault while incarcerated support a finding of extraordinary and compelling circumstances").

Additionally, the remaining cases cited by Gomez cites do not reach the relevant merits of the motion. *See United States v. Treas*, No. 20-20039-01 (DDC), 2024 WL 2091488, at *3 (D. Kan. May 9, 2024) (declining to reach the merits regarding whether petitioner's "medical concerns" constitute extraordinary and compelling circumstances because the petitioner failed to exhaust administrative remedies); *United States v. Al Hunaity*, No. 18-CR-723 (RBK), 2024 WL 982044, at *5 (D.N.J. Mar. 7, 2024) (declining to pass judgment on the sufficiency of petitioner's medical problems because the "circumstances surrounding the

deteriorating health" of her children's sole caretaker "on their own rise to the level of extraordinary and compelling").

Neither can Gomez's lower back problems tip the scales in his favor. Similar to his discussion of his anxiety, Gomez does not allege that he is receiving inadequate care for his back issues, nor does he demonstrate how this issue contributes to an extraordinary and compelling circumstance warranting a reduction in sentence. (*See generally* Mot. at 11.) And, as the Government notes, the x-rays that Gomez provided along with his motion suggest that he is receiving medical attention for this issue. (Opp. at 3.) Further, there is nothing in Gomez's motion suggesting the severity of his condition warrants a reduced sentence.

For the foregoing reasons, Gomez's medical conditions do not constitute extraordinary and compelling circumstances justifying a reduced sentence.

2. Unusually Harsh Prison Conditions

Gomez also maintains that unusually harsh prison conditions warrant a reduction in his sentence. (Mot. at 11-13.) This court already considered and rejected this argument. (*See* First M&O at 7-8; Second M&O at 6.) However, Gomez raises a new claim, asserting there is a "flow of illicit drugs entering" the prisons. (Mot. at 12.) Nevertheless, Gomez does not identify the presence of illegal drugs as a harsh condition itself but rather flags it as a trigger for prison lockdowns, which in turn result in harsh conditions. (*Id.*) This court already rejected prison lockdowns as amounting to extraordinary and compelling circumstances warranting a sentence reduction, and it sees no reason to reconsider that conclusion here. (*See* First M&O at 7-8; Second M&O at 6.)

Further, Gomez does not demonstrate how the allegedly harsh prison conditions impact him specifically; instead, he references the experiences of other imprisoned individuals and the carceral system writ large. (Mot. at 11-12.) To establish extraordinary

and compelling circumstances, a petitioner must make an individualized showing. *United States v. Mohammed*, No. 18-CR-509 (ENV), 2024 WL 2701639, at *4 (E.D.N.Y. May 18, 2024) (noting that "generalized statements about prison conditions without specific reference to the defendant's circumstances do not amount to extraordinary or compelling reasons warranting compassionate release"). Thus, the prison conditions cited by Gomez do not warrant a reduced sentence.

3. Alleged Sentencing Disparity

Finally, Gomez argues for the first time that he is entitled to a reduced sentence because of an alleged "disparity" between himself and co-defendant Sergio Gomez Diaz. (Mot. at 13.) Diaz, the head of the drug trafficking organization of which Gomez was a member, is currently awaiting sentencing. (*See* Order as to Letter Requesting Sentencing Adjournment (Dkt. 127).) During this time, Diaz has been released on bond. (*See* Order Setting Conditions of Release as to Sergio Gomez Diaz (Dkt. 50); Mot. at 13.) Gomez contends that this amounts to a "disparity," warranting a reduced sentence. (Mot. at 13.) However, the difference in imprisonment status between Diaz and Gomez does not constitute a sentencing disparity; it is merely a function of the different procedural postures of the two cases. Until Diaz has been sentenced, no sentencing disparity can exist. *Espinal v. United States*, No. 13-CR-00159 (GBD), 2015 WL 9256945, at *6 (S.D.N.Y. Dec. 14, 2015) ("As an initial matter, both Lebron and Ruvalaba have not yet been sentenced, so there is no sentencing disparity between [defendant] and these co-conspirators.").

**C. 18 U.S.C. § 3553(a) Factors**

Moreover, the factors set forth in 18 U.S.C. § 3553(a) do not support a sentence reduction, given the nature of Gomez's crime, as well as his prior criminal conduct. "Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction." *Mayes v. United*

*States*, Nos. 12-CR-385 (ARR), 17-CV-6789 (ARR), 2023 WL 22632, at *3 (E.D.N.Y. Jan. 3, 2023). Thus, "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021); *United States v. Decker*, No. CR-22-839, 2023 WL 366998, at *1 (2d Cir. Jan. 24, 2023) (summary order) (same).

The § 3553 factors include, among others:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) The need for the sentence imposed:
>
> > (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) To afford adequate deterrence to criminal conduct;
> >
> > (C) To protect the public from further crimes of the defendant; and
> >
> > (D) To provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(1)-(2).

Here, even if Gomez's newly raised arguments amounted to extraordinary and compelling circumstances, they would not overcome the § 3553(a) factors as applied to Gomez's case.

Under § 3553(a)(1), the court must consider the nature and circumstances of the offense and the history and characteristics of the defendant. As part of his guilty plea, Gomez admitted to distributing at least 23.9 kilograms of heroin and traveling to Mexico to negotiate heroin prices. (Presentence Investigation Report ("PSR") (Dkt. 40) ¶¶ 9-11.) This is a large quantity of heroin,

which cuts against a reduction in Gomez's sentence. *United States v. Harris*, No. 04-C R-203 (ARR), 2022 WL 2315702, at *4 (E.D.N.Y. June 28, 2022), *reconsideration denied*, No. 04-CR-203 (ARR), 2022 WL 305 3710 (E.D.N.Y. Aug. 3, 2022) (noting that courts may consider "the amount of drugs at issue" when determining the seriousness of a crime).

Moreover, under § 3553(a)(2)(C), the court must consider the need to protect the public. Gomez engaged in the trafficking and sale of large amounts of heroin, a highly addictive opioid drug. "Heroin trafficking, in particular, gives rise to increasing and alarming numbers of victims, including tens of thousands of overdose deaths per year." *United States v. White*, No. 17-CR-431 (RMB), 2021 WL 306880, at *4 (S.D.N.Y. Jan. 29, 2021). Thus, the uniquely destructive nature of Gomez's conduct weighs against a sentence reduction. Further, in accord with § 3553(a)(2)(A), other courts in this Circuit have considered the dangerousness of drugs and the harm on the community when considering the seriousness of the offense. *United States v. Keitt*, No. 20-CR-66 (AT), 2020 WL 7404486, at *2 (S.D.N.Y. Dec. 17, 2020) ("Given the seriousness of the offense and the potential harm it caused to the community, a substantial sentence was required to promote respect for the law and to provide just punishment."). This court concludes that the dangerousness of the narcotic at issue in Gomez's case warrants the sentence imposed.

Additionally, under § 3553(a)(2)(B), the court may consider the need to afford adequate deterrence to criminal conduct. Here, the defendant is a repeat offender given his prior conviction for a federal heroin-related offense. (PSR ¶ 28.) This also weighs against a reduction in Gomez's sentence. *See, e.g.*, *United States v. Alba*, No. 21-CR-873, 2023 WL 220988, at *2 (2d Cir. Jan. 18, 2023) (summary order) (affirming district court's denial of defendant's compassionate release motion where "[t]he district

court explained that considerations of deterrence and just punishment weighed significantly against [defendant's] release because he was a repeat offender who had remained engaged in the wholesale drug business despite his prior convictions"); *United States v. Van Der End*, No. 21-CR-2079, 2023 WL 193633, at *1 (2d Cir. Jan. 17, 2023) (affirming district court's "conclusion that a sentence of 25 years is appropriate given the staggering amount of drugs involved and the potential harm that those drugs represent"); *United States v. Mojica*, No. 19-CR-629, 2020 WL 6746478, at *2 (S.D.N.Y. Nov. 16, 2020) (denying motion in part due to risk to the public given the defendant's record of recidivism concerning "drug dealing").

Gomez fails to show that the § 3553(a) factors weigh in favor of a sentence reduction. The court therefore declines to use its discretion to reduce his sentence. *See Brooker*, 976 F.3d at 237. Notably, the court sentenced Gomez to the bottom end of the Guidelines range—151 months' imprisonment. (*See generally* Dec. 2, 2021 Sent. Tr. (Dkt. 114).) The court sees no reason to disturb this serious sentence, contemplated in accordance with the § 3553(a) factors. Therefore, Gomez's third motion for reduction of sentence is DENIED.[3]

[3] Gomez's motion to appoint counsel is also DENIED for the reasons discussed in the previous M&Os. (*See* First M&O at 9; Second M&O at 11.)

## IV. CONCLUSION

For the foregoing reasons, Gomez's motion for compassionate release is DENIED and Gomez's motion for the appointment of counsel is DENIED as moot.

SO ORDERED.

Dated: Brooklyn, New York
May 13, 2025

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge